LAW LIBRARY

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 29764

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I ·

STATE OF HAWAI'I, Plaintiff-Appellee, v.
BETHANN AHSING, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(HPD Traffic No. 1DTA-08-09117)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Bethann Ahsing (Ahsing) appeals the
Judgment, entered on March 3, 2009, in the District Court of the
First Circuit, Honolulu Division (district court).[1]

Ahsing was convicted of Operating a Vehicle Under the
Influence of an Intoxicant (OVUII), in violation of Hawaii
Revised Statutes (HRS) § 291E-61(a) and (b) (Supp. 2009) and
Excessive Speeding, in violation of HRS § 291C-105 (Supp. 2009).

On appeal, Ahsing contends (1) that although she did
not object, the written complaint and oral charge for OVUII
failed to state an essential element of the offense, i.e., that
Ahsing operated or assumed actual physical control of a vehicle
upon a public way, street, road, or highway, and (2) the district
court erred by admitting a speed check card over her objection
because it lacked proper foundation and was not authenticated as
a business record and therefore there was insufficient evidence
to convict her of Excessive Speeding.

Upon careful review of the record and the briefs[2]
submitted by the parties and having given due consideration to

---

[1]  The Honorable William Cardwell presided.

[2]  In compliance with this court's order, entered on March 23, 2010, on
March 25, 2010, Ahsing, and on April 12, 2010, the State submitted
supplemental briefs addressing whether the OVUII charge in this case was
sufficient and whether the "Motta/Wells" rule of liberal construction applied
in this case.  These supplemental briefs were also carefully considered in
reaching our decision.

the arguments advanced and the issues raised by the parties, we resolve Ahsing's points of error as follows:

(1)  "[T]he operation of a vehicle on a public way, street, road, or highway is an attendant circumstance of the offense of OVUII, and is therefore an element of the offense." State v. Wheeler, 121 Hawaiʻi 383, 393, 219 P.3d 1170, 1180 (2009).  The failure to allege that Ahsing was driving a vehicle upon a public way, street, road, or highway at the time of the offense rendered the charge deficient.  Id.

(2) The State failed to establish

> (1) how and when the speed check was performed, including whether it was performed in the manner specified by the manufacturer of the equipment used to perform the check, and (2) the identity and qualifications of the person performing the check, including whether that person had whatever training the manufacturer recommends in order to competently perform it.

State v. Fitzwater, No. 28584, 2010 WL 717551, at *23 (Haw. Mar. 3, 2010).  Therefore, there was insufficient foundation to admit the speed check card into evidence.  Without admission of the speed check card into evidence, there was insufficient evidence to convict Ahsing of Excessive Speeding.

Therefore,

IT IS HEREBY ORDERED THAT the Judgment, entered on March 3, 2009, in the District Court of the First Circuit, Honolulu Division is vacated in part and reversed in part.  The conviction and sentence for the offense of Excessive Speeding is hereby reversed.  The remainder of the case is remanded to the district court with instructions to dismiss the OVUII charge without prejudice.

DATED:  Honolulu, Hawaiʻi, May 21, 2010.

On the briefs:

Samuel P. King, Jr.,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

2